RUSSELL WHEELER AND OTHERS, RESPONDENTS, *v.* DAVID M. JONES, APPELLANT.

*Extension of time of payment of a debt — not necessarily effected by the acceptance, as collateral security, of accounts not then due.*

The defendant, being indebted to the plaintiffs for goods, wares and merchandises sold to him, assigned, as collateral security, certain accounts against other persons, not yet due, by a written instrument which, after reciting his indebtedness to ₁the plaintiffs, stated that "for the purpose of securing said debt to said firm I do hereby sell, assign and set over to them the following accounts and demands, to wit:"

*Held,* that the plaintiffs did not, by accepting the assignment of the said accounts, extend the time of payment of the debt then due to them, to the time when the said accounts would become due.

*Cary* v. *White* (52 N. Y., 139) followed; *Durkee* v. *National Bank of Fort Edward* (36 Hun, 565) distinguished.

APPEAL from a judgment in favor of the plaintiffs, entered in St. Lawrence county, upon the decision of the court upon a trial before the court without a jury.

The action was for merchandise sold by the plaintiffs to the defendant; it was admitted that the plaintiffs were entitled to recover $778.30, unless they had by accepting the following assignment as collateral security, extended the time of payment; it being also admitted that the several assigned accounts were not due at the time of the commencement of this action: "Whereas, I, David M. Jones, of Canton, am justly indebted unto the firm of Russell Wheeler, Son & Co., of Utica, N. Y., in the sum of thirteen hundred and sixty dollars and sixty four cents; now, therefore, for the purpose of securing said debt to said firm, I do hereby sell, assign and set over to them the following accounts and demands, to wit:" (then follow the names of ten different persons, with a statement of the amount of the account against each one, the aggregate being $1,688.)

*Chamberlin & Hale,* for the appellant.

*W. H. Sawyer,* for the respondents.

LANDON, J.:

*Cary* v. *White* (52 N. Y., 139) is to the effect that when there is no agreement to extend the time of the payment of the original

debt, or no substituted agreement made respecting the debt, the mere taking of a mortgage payable at a future time as collateral security for the original debt, does not operate to extend the time for its payment. *Durkee* v. *National Bank of Fort Edward* (36 Hun, 565), is to the effect, that when the original debt is past due, and the debtor at the request of his creditor, gives him a mortgage to secure its payment, which mortgage appoints a future day of payment, and provides that if payment be then made the mortgage shall be void, then the creditor by accepting the mortgage, accepts its terms.

In the former case the collateral mortgage does not in terms refer to the original debt, nor fix a new day for its payment; in the latter case the original debt is by express terms in the mortgage made payable at a future day. In the case at bar the assignment does not by its terms extend the time of payment of the original debt. Certain accounts against third parties, due in the future, were assigned to the plaintiffs as security, upon the agreement of the plaintiffs that as these accounts became due, they should collect the same and apply the avails in payment of the indebtedness, The plaintiffs now had the original unchanged promise of the defendant and the assigned claims against third parties, but they did not fix a new day of payment of the old debt. They fixed the time when they would apply the proceeds of the assigned accounts, namely, when they should collect them; but they did not agree to postpone collecting the original debt until they should collect the assigned accounts.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.